POPLOWSKI, Plaintiff in error, vs. STATE EX REL. LEWANDOWSKI, Defendant in error.

*November 11—December 6, 1927.*

*Bastards: Trial: Instruction as to privilege of witness not to answer: Threat of arrest by court: Prejudicial error.*

In a bastardy proceeding a witness for defendant testified that he and the prosecutrix were out in an automobile one evening, and he was asked what they did in the car when left alone. The court instructed the witness regarding his constitutional privilege of refusing to answer, but threatened his arrest if his answer tended to incriminate him. Such threat is *held* reversible error where the witness thereafter refused to answer, and where his testimony as to intercourse, if given and believed by the jury, would have led to the acquittal of the defendant.

ERROR to review a judgment of the civil court of Milwaukee county: JOSEPH A. PADWAY, Judge. *Reversed.*

*Joseph Poplowski* was adjudged to be the father of a bastard child born to *Sarah Lewandowski.* He sued out a writ of error to review that judgment.

For the plaintiff in error the cause was submitted on the brief of *Loose & Topolinski,* attorneys, and *Leo J. Topolinski,* of counsel, all of Milwaukee.

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *John J. Kenney,* assistant district attorney, and oral argument by *Mr. Kenney.*

STEVENS, J.    The case presents a plain issue of fact upon the question of whether *Joseph Poplowski* is the father of the child born to *Sarah Lewandowski,* an unmarried woman. Upon this question there is a direct conflict in the testimony of these two interested parties, with no direct corroboration of either party.    The testimony on this contested issue of fact was so evenly balanced that the trial judge in denying the motion for a new trial said: "Although if the court sat as a trial court and tried the issues of fact in this case, a different result might have been attained."

Viewed from the standpoint of a case with the evidence so evenly balanced, the court is satisfied that the judgment must be reversed and a new trial ordered.

1.    Defendant called a witness who testified that he and the prosecutrix were out in an automobile one evening with another couple.    That the other couple left the witness and the prosecutrix alone in the automobile parked on a country roadside at night for about twenty minutes.    He was asked what he and the prosecutrix did in the car while the other two people were gone.    The court then instructed the witness as to his right to refuse to answer, if the answer would tend to incriminate him, and added: "If you want to stand upon your constitutional privilege, you have a right to do so. However, if you answer it voluntarily and the answer does tend to incriminate you, I will order your arrest."

No question can be raised as to the right, if not the duty, of a trial court to instruct a witness as to his constitutional right to refuse to answer.    But the trial judge did not confine himself to a statement of the constitutional rights of the witness.    He threatened arrest.    After this threat was made, the witness refused to answer and the defendant did not have the benefit of his testimony.    Had the witness testified to the fact of intercourse with the prosecutrix, which the trial judge evidently thought was the purpose for which he was called, he would have presented proof which, if believed by

the jury, would have led to the acquittal of the defendant, because this incident of the auto ride was in the month in which prosecutrix testified that conception took place.

2. As the case must go back for a new trial, the court will not pass upon the other questions presented. But it would have been better practice for the trial court to have given the requested instruction as to the effect of proof of good character or reputation and to have refrained from stating in the presence of the jury his interpretation of the testimony of the prosecutrix upon preliminary examination. However, the court is not prepared to hold that these rulings would lead to a reversal of the judgment, were it not for the threat to arrest which is considered above.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.