Schuh, Plaintiff in error, vs. The State, Defendant in error.

*March 6—March 31, 1936.*

*H. G. Haight* of Neillsville, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *John M. Peterson,* district attorney of Clark county, and oral argument by *Mr. Peterson* and *Mr. Messerschmidt.*

Martin, J. Defendant contends that the court erred in refusing to set aside the verdict and to discharge the defendant because there existed, as a matter of law, a reasonable doubt of the defendant's guilt. While an illegitimacy proceeding is a civil action, the law requires proof of guilt beyond a reasonable doubt. *Jacobsen v. State,* 205 Wis. 304, 310, 237 N. W. 142; *Gillis v. State,* 206 Wis. 150, 154, 238

N. W. 804; *State ex rel. Mahnke v. Kablitz,* 217 Wis. 231, 258 N. W. 840.

The complaining witness, at the time of the birth of her child, was seventeen years of age. At the time of the trial, defendant was seventeen years of age. Both resided on their parents' farms in the town of Colby in Clark county. The child was born on February 14, 1935. Dr. H. H. Christofferson delivered the complaining witness of her child and at the trial of this action testified that it was a normal, full-term child. Dr. Schemmer, who later attended the complaining witness, testified on the trial that the child was premature.

The alleged act of sexual intercourse, from which it is claimed that the child was conceived, occurred on the 2d day of June, 1934. It is undisputed that on that evening, the complaining witness, accompanied by her friend, Loraine Silkey, was walking about the streets in the village of Colby when they stopped to talk to three boys, one of them the defendant, who were seated in a 1930 Chevrolet coach. At the invitation of the boys, the girls entered the car, both of them getting into the rear seat with the defendant. After a short ride, the parties stopped at the school ground in the village of Colby. Miss Silkey then moved to the front seat with the other two boys, leaving the complaining witness and the defendant in the rear seat. Later, without any suggestion from either the complaining witness or defendant, the car was driven to an alley nearby and parked about one hundred feet from the main street, a well-lighted street from which the car might easily be seen. All agree that it was parked there for a period of from twenty to thirty minutes. The complaining witness testified that during this period she had intercourse with the defendant; that she made no attempt to stop him; and that she had intercourse again with defendant on the 8th of August, 1934. She testified that she stopped menstruating on the 19th day of May, 1934; that she knew on the 19th of June that there was something wrong.

The defendant denied that he had intercourse with the complaining witness. The other three occupants of the car, who were in the front seat, testified that to their knowledge no intercourse took place in the car while it was parked in the alley. The complaining witness makes no claim to having had intercourse with the defendant at any other place that evening or at any other time excepting on August 8th. She further testified that she had never before had intercourse with anyone. The testimony shows that the complainant and defendant had only a casual acquaintance; that they had met at a public place about a year before.

Complainant admits she knew she was pregnant on August 8, 1934, on which date she claimed to have had intercourse with defendant, and admits that she made no mention of her condition to him. She did not notify defendant of her condition until some time in January, 1935.

In *Flaherty v. Harrison,* 98 Wis. 559, 563, 74 N. W. 360, the court said:

"Where all reasonable probabilities from facts unquestionably established by the evidence are on one side of a controversy, the testimony of an interested party to the contrary does not create a conflict of evidence requiring such controversy to be submitted to and determined by a jury, or, if submitted, support their determination, if contrary to all such reasonable probabilities."

To the same effect, see *Wunderlich v. The Palatine Fire Ins. Co.* 104 Wis. 382, 386, 80 N. W. 467; *Samulski v. Menasha Paper Co.* 147 Wis. 285, 291, 133 N. W. 142; *Badger v. Janesville Cotton Mills,* 95 Wis. 599, 603, 70 N. W. 687.

In *Poplowski v. State ex rel. Lewandowski,* 194 Wis. 385, 216 N. W. 488, a bastardy proceeding, the court said:

"The case presents a plain issue of fact upon the question of whether Joseph Poplowski is the father of the child born to Sarah Lewandowski, an unmarried woman. Upon this question there is a direct conflict in the testimony of these

two interested parties, with no direct corroboration of either party. The testimony on this contested issue of fact was so evenly balanced that the trial judge in denying the motion for a new trial said: 'Although if the court sat as a trial court and tried the issues of fact in this case, a different result might have been attained.'

"Viewed from the standpoint of a case with the evidence so evenly balanced, the court is satisfied that the judgment must be reversed and a new trial ordered."

In *Cleaveland v. State,* 211 Wis. 565, 248 N. W. 408, this court, in reversing a conviction of the crime of statutory rape, said:

"While it is the established law of this state that a person may be convicted of rape on the uncorroborated testimony of a prosecutrix if the jury is satisfied as to the truth of her testimony beyond a reasonable doubt, all courts recognize the obvious danger of convicting on such uncorroborated testimony. [Citing cases.]

"As has been said, the 'accusation is one easily made, hard to be proved, and still harder to be disproved by one ever so innocent.' Courts are therefore reluctant to sustain such convictions *unless the testimony and surrounding circumstances are quite clear and decisive."*

The court has, in many instances in similar cases, exercised the authority conferred by sec. 251.09, Stats., and reversed the judgment because of grave doubt as to the guilt of the accused. We felt that justice had miscarried. The circumstances under which the alleged act took place are so inherently improbable that, coupled with the positive denial of any knowledge of its occurrence by the other occupants of the car who were in a position where they could hardly avoid knowing of the act had it occurred, there is, as a matter of law, reasonable doubt as to defendant's guilt. This requires that the judgment be reversed and the complaint dismissed.

*By the Court.*—Judgment reversed. Cause remanded with instructions to dismiss the complaint.