Smith, Appellant, vs. Koch, Respondent.

*October 15—November 20, 1945.*

552

Samuel Goldenberg of Milwaukee, for the appellant.
Kurt Schnellbaecher and William E. Burke, both of Milwaukee, for the respondent.

FOWLER, J.    The plaintiff brought action in the civil court of Milwaukee county on an alleged contract between the plaintiff broker and the defendant owner of a "beauty shop" to recover an alleged agreed commission of twelve and a half per cent of the purchase price for selling the shop.   The complaint alleged that plaintiff obtained a purchaser to whom the shop was sold for $2,500.   The defendant by answer alleges a sale of the shop by the defendant herself for $2,500 to a purchaser whom she had employed the plaintiff to endeavor to make a sale for an agreed commission of twelve and a half per cent if he secured a purchaser for a price of $3,000.

The case was tried to a jury who returned a general verdict for the defendant.   The civil court set the verdict aside and entered judgment for the plaintiff for twelve and a half per cent of $2,500 and interest.   On appeal to the circuit court that court entered a judgment reversing the civil court and remanding the record with direction to enter judgment in favor of defendant.

It is obvious that the crucial question of the case is whether the evidence warranted the civil court jury in finding for the

defendant. If it did, the judgment of the circuit court must be affirmed.

On careful examination of the evidence we are constrained to hold that the jury's verdict is sustained. It is undisputed that the defendant herself suggested the purchaser to the plaintiff and invoked the plaintiff's efforts to effect a sale to him, and that the plaintiff brought the purchaser to interview the defendant and inspect the shop. It is also undisputed that at this meeting of the parties a stated selling price was named, either of $3,000 or $3,500; that this price was not accepted at this meeting; and that the next day the purchaser went to the shop and, without informing the plaintiff, the defendant and purchaser agreed on a sale for $2,500 if a transfer of defendant's lease should be approved by the owner of the premises occupied by the shop, and that this sale was later consummated. The purchaser and the defendant testified that the purchaser definitely stated at the meeting of the three that he would not pay the selling price stated, but the plaintiff disputes this and claims that the purchaser said he would "think it over." As to the agreement for compensation, the plaintiff testified that the defendant agreed to pay a commission of twelve and a half per cent of the purchase price. The defendant testified that she agreed to pay a commission of twelve and a half per cent if the plaintiff sold the premises for $3,000 or over. It is true that on cross-examination the defendant stated in answer to a question that she agreed to pay a twelve and a half per cent commission, but definitely stated in the answer that she was to pay it only if the plaintiff sold the shop for $3,000. The defendant and purchaser both testified that the purchaser definitely stated at the meeting of the three that he would not pay the purchase price stated, and the purchaser testified that he would not have paid more than $2,500. The defendant in her cross-examination made conflicting statements, in that she said she was to get $3,000 net, that plaintiff was to get what he got over $3,000 and that

he was to get twelve and a half per cent if he sold for $3,000 or more but was definite in her claim that she was to pay a commission only if she received $3,000.

It appears from a written opinion of the trial judge that the basis of his action in setting aside the verdict and entering judgment for the plaintiff was that the defendant sold the shop herself without giving the plaintiff a reasonable time to effect a sale and "acted in bad faith" in so doing. As stated by the circuit judge in a written opinion, it was the duty of the trial court to consider the evidence in the light which was most favorable to sustain the verdict. And as further stated by him the jury may accept "in part only as well as discredit in some particulars the testimony of the witnesses on both sides;" *Sharp v. Milwaukee E. R. & L. Co.* 176 Wis. 340, 346, 187 N. W. 198; and discrepancies in the testimony of a witness do not necessarily render it so incredible that "a court may say that they are unworthy of belief;" *Haley v. State,* 207 Wis. 193, 196, 240 N. W. 829; and though "the testimony of a witness may be confused, inconsistent, even so contradictory as to greatly impair his credibility . . . it is generally the province of the jury, not that of the court, to determine its weight;" *Stewart v. Olson,* 188 Wis. 487, 496, 206 N. W. 909. We think, as did the circuit judge, that under these rules it was for the jury to say whether the contract was as plaintiff claimed to pay a twelve and a half per cent commission on whatever the shop should sell for. If they considered that the evidence did not so show, or that it did not make it reasonably certain that the agreement was not as claimed by the defendant, then the plaintiff did not meet his burden of proof, and in absence of evidence of the reasonable value of the services rendered, and there was no such evidence, he could not recover anything at all as the jury by their verdict found.

And as to "bad faith" of the defendant, if the jury found that the contract was as defendant claimed, the defendant

could not be held as matter of law to have acted in bad faith if the purchaser positively stated to defendant that he would not pay $3,000, and the plaintiff believed and relied on that statement, and the purchaser would not as matter of fact have paid $3,000.

"Where an agent is employed to procure a purchaser at a specified price, but one is procured who is not willing to pay the price named, the owner may sell to the purchaser produced at a lower figure, without rendering himself liable for commission, provided there is no fraud or bad faith on his part and the agent is unable to induce his client to pay the price demanded." *Terry v. Bartlett,* 153 Wis. 208, 212, 140 N. W. 1133.

Every reasonable intendment of the jury inferable from the evidence must be made in support of the verdict.

From the above it follows that the judgment of the circuit court should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.