STATE, Respondent, vs. BISHOP, Appellant.

*September 13—October 11, 1949.*

The cause was submitted for the appellant on the brief of *David H. Winter* of Shawano, and for the respondent on the brief of *Edward P. Herald,* district attorney of Oconto county, and *Lehner & Lehner* of Oconto Falls, attorneys for the complainant.

BROWN, J. The law is well settled that in such cases the jury must be satisfied of defendant's guilt beyond a reasonable doubt. *Schuh v. State* (1936), 221 Wis. 180, 266 N. W. 234. The only question for our consideration is whether the evidence on the trial leaves reasonable doubt of guilt as a matter of law. Defendant, also referred to herein as "appellant," asserts that such doubt exists because he has denied the intercourse, and Miss Wendt concealed her pregnancy for a long period, delayed in accusing anyone as the prospective father, and at first accused one Herms whose name originally appeared on the birth certificate and who came to her house and conferred with her promptly after the baby's birth, and who was already the father of an illegitimate child by another woman.

The jury had before it testimony that Herms and Miss Wendt had no sexual intercourse nor had even seen each other during the period when conception must have occurred. It was also in evidence that Herms came to the Wendt house on the summons of defendant's sister and it was this sister who told the doctor, for the record, that Herms was the father, and that she did both without Miss Wendt's knowledge or authority. There was no evidence that Miss Wendt concealed her pregnancy, only that her condition was not noticed because, on account of her normal weight, it did not change her appearance. Accordingly, there was no discussion of the sub-

ject and we do not think it suspicious that she was reticent in the absence of comment or question. Herms testified that Miss Wendt had accused him of fatherhood but that he had proved to her the impossibility of that. She denied making the statement and whether it was ever made or not the jury as well as Miss Wendt could reasonably have been convinced that did not state the fact.

Concerning the appellant, there was competent credible evidence by Miss Wendt that he and she attended a dance at Green Valley on January 13 or 14, 1946, and had sexual intercourse that night and again on January 19th by which she became pregnant. Appellant testified that he was not in Green Valley at any time between January 7th and 27th but another witness, in addition to Miss Wendt, swore she saw him at the dance and still another testified she saw him at the Wendt home during that period. A third testified that on the day the baby was born the appellant treated her and others to drinks "on his new-born baby."

From the testimony which was competent and credible the jury could find that there was intercourse between Miss Wendt and Bishop in the middle of January, 1946, by which she conceived and bore his child on October 22, 1946, and that he acknowledged the child to be his and set up the drinks in honor of the occasion. He was impeached on the two occasions when he denied being in Green Valley and the jury was not required to believe his other denials without corroboration.

We cannot find that a reasonable doubt of his guilt is present as a matter of law.

*By the Court.*—Judgment affirmed.