TIMM, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 3—June 20, 1952.*

*Orville S. Luckenbach* of Shawano, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *O. B. Strossenreuther,* district attorney of Shawano county, and oral argument by *Mr. Platz.*

BROWN, J. There was no love between this man and woman; only lust. Their testimony makes it clear that they had no wish or intent to marry. Their fornication was casual, for their mutual gratification, without sentiment or pretense of fidelity to each other. Now the woman has an

illegitimate child which she attributes to the plaintiff in error, hereinafter called the "defendant." The question before the trial court was whether the evidence established him to be the father beyond a reasonable doubt. The question before us, upon a review of the record, is whether reasonable doubt of such fatherhood exists as a matter of law. If it does not, the judgment must be affirmed.

The state's one witness was Miss Meverden. She testified that she did not know when she began having occasional sexual intercourse with Timm except that it was when she was a junior in high school, in 1945 or 1946. As time went on the misconduct occurred more frequently and from January, 1949, until December, 1949, intercourse took place on an average of twice a week. No contraceptives were used. To the best of her knowledge, she became pregnant between the dates of September 1 and September 5, 1949, so concluding because her last menstrual period began about August 22d. A full-term child was born June 2, 1950. Miss Meverden testified that she did, not have intercourse with any other person in 1949 and specifically denied intercourse with one Behn. With her testimony the state rested its case.

The defendant testified that the parties' sexual intercourse did not begin until April, 1948, but after that date it was a frequent practice until August 7, 1949. It was then discontinued and not resumed until the middle of October, 1949. Defendant was married to another woman in 1946 and had a child by her before 1948. He was divorced January 13, 1949. In December, 1948, he had mumps which went down to his testicles, requiring ice packs on them, and which confined him until January. His testimony concerning this illness was corroborated.

A friend of defendant's, Alvin Behn, twenty-one years old, testified that he had sexual intercourse with Miss Meverden several times between August 29 and September 24, 1949.

A Dr. McCandless, called as a witness for the defendant, testified that on March 21, 1951, which was the day before the trial, he had taken a semen specimen from the defendant and had found it to be sterile. Dr. McCandless was given hypothetical facts which described a man, such as the defendant, who was twenty-five years old; who had fathered a child before 1948; who in December, 1948, was ill with mumps which went down to his testicles; who had no other history of infection, and who in March, 1951, was found to be sterile. Assuming such facts, the doctor testified that in his opinion the sterility was caused by the mumps and existed in July, August, and September, 1949, at which times the man was incapable of parenthood.

The veracity of witnesses is a question to be determined by the trier of the facts. The trial court filed a written decision in which he stated that he did not believe Behn's testimony. The learned trial court's opportunity to evaluate Behn's truthfulness correctly is so far superior to that of an appellate court, which only sees the record, that we must accede to its conclusion in this respect, in spite of some circumstantial corroboration. The veracity of Dr. McCandless, however, is not attacked. The state put in no evidence disputing his testimony that a man with Timm's medical history would have been unable to beget a child in July, August, and September, 1949. The doctor testified that the period of gestation is two hundred sixty-six days and therefore the conception of a full-term baby born June 2, 1950, occurred September 9, 1949. He testified that to compute the date of conception, in order to foretell the probable date of birth, it is usual to count two hundred eighty days forward from the first day of the last menstruation but the two hundred eighty days is not the measure of the actual period of pregnancy; that remains two hundred sixty-six days, modified only by the duration of labor. There was no other testimony, medical or otherwise, on this subject.

The trial court's decision states:

"Harold Timm admits that he had intercourse with Leone Meverden on August 7, 1949, and again, but not until October 14th or 15th of the same year.

"In *State v. Van Patten,* 236 Wis. 186, the supreme court held that 'the period of gestation may vary from two hundred thirty days to three hundred twenty days.'

"Simple arithmetic shows that August 7, 1949, is two hundred and ninety-nine days from June 2, 1950, and October 14, 1949, is two hundred thirty-one days from June 2, 1950."

And continues, "the defendant has clearly brought his acts of intercourse with Leone Meverden within the period of gestation. I must therefore find that Harold Timm is guilty and adjudge him to be the father of the child born to Leone Meverden, an unwed female, on June 2, 1950."

The only testimony in this case concerning the period of gestation is that such period is two hundred sixty-six days, which establishes the date of conception as September 9, 1950. The defendant, on whose evidence the court rested its decision, testified that he had no intercourse with the complaining witness for more than a month before and a month after that date. By mistaking what this court held in *State v. Van Patten* (1940), 236 Wis. 186, 294 N. W. 560, the trial court was led into error. We did not hold there that the period of gestation may vary from two hundred thirty days to three hundred twenty days. We said that the only medical testimony in that case so stated, and in view of that evidence it was error for that trial court to charge the jury that the period was from two hundred eighty to two hundred ninety days, no such evidence having been given. In the instant case there is no evidence that two hundred thirty to three hundred twenty days is the period and the use by the trial court of evidence given in the *Van Patten* action, but not in this, is error. Concerning the guilt of the defendant, the trial court made the single finding that he was the father

of the child born to Leone Meverden June 2, 1950. The reasons assigned by the court for that finding do not accord with the evidence.

The expert opinion of Dr. McCandless,—that a man of twenty-five years with defendant's medical history who was undisputably sterile in March, 1951, was also sterile in July, August, and September of 1949,—was not shaken by cross-examination and no contrary evidence was offered. The learned trial court's decision states:

"I am not particularly interested as to whether or not he was sterile at the time of the trial, it being more than a year and a half after the alleged conception. It is a well-known fact that mumps renders a male sterile at times and a day or two later not sterile."

The court's statement concerning intermittent sterility is not based on any evidence in the case and in so far as it applied to Timm is directly opposed to the expert testimony. We are not aware that sterility resulting from mumps is so well established as an intermittent variety that judicial notice thereof may be taken in contravention of expert opinion that this sterility existed and was constant.

The defendant testified that the parties had no intercourse between August 7th and October 14, 1949. By the concurring testimony of Miss Meverden and Dr. McCandless, conception occurred not before September 1st nor after September 9th. If the defendant's testimony of nonaccess from August 7th to October 14th be accepted, and the trial court accepted it in making its decision, someone else is the father of the child. If testimony of nonaccess is rejected there is still the doctor's testimony that at that time the defendant was incapable of parenthood, which is without contradiction in the evidence. The state's brief contains selections from several medical texts which suggests qualifications of such a conclusion under certain circumstances. The texts were not used in the trial and are not part of the record. They cannot

be considered on the hearing of a writ of error which brings before us only the record made there.

The defendant in a bastardy action is entitled to the presumption of innocence which attends him throughout the trial. *Riley v. State* (1925), 187 Wis. 156, 160, 203 N. W. 767, citing *Roen v. State* (1924), 182 Wis. 515, 520, 196 N. W. 825, and *Emery v. State* (1899), 101 Wis. 627, 660, 78 N. W. 145; *Nelson v. State* (1933), 210 Wis. 441, 446, 245 N. W. 676. He is not required to prove that some other man is the father of the child. It is the state's burden to prove, beyond a reasonable doubt, that the father is he. *Schuh v. State* (1936), 221 Wis. 180, 266 N. W. 234; *State v. Bishop* (1949), 255 Wis. 416, 39 N. W. (2d) 399. If the defendant succeeds in raising reasonable doubt of that fact, he must be acquitted. Upon this record we consider that such reasonable doubt exists as a matter of law. Accordingly, the judgment must be reversed.

*By the Court.*—Judgment reversed and cause remanded with directions to dismiss the complaint.

FRITZ, C. J., dissents.

FAIRCHILD, J., took no part.