STATE EX REL. BRAJDIC, Respondent, v. SEBER, Appellant.

*No. 293. Argued December 1, 1971.—Decided January 4, 1972.*
(Also reported in 193 N. W. 2d 43.)

For the appellant there were briefs and oral argument by *Louis J. Andrew, Jr.,* of Fond du Lac.

For the respondent the cause was argued by *E. Gordon Young,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HALLOWS, C. J.   At the trial Patsy Brajdic testified she was single, twenty-five years of age, and had given birth to a child on November 11, 1969. She then described the events and her relations with John Seber which she claimed made him the father of her child. Seber did not testify and on this appeal raises the sole question of the sufficiency of Miss Brajdic's testimony to sustain the jury's verdict.

In paternity cases, the complainant has the burden of proving the issue by clear and satisfactory preponderance of the evidence. Sec. 52.355, Stats. This burden of proof is statutory in origin and peculiar to paternity cases and

in language, at least, is not the same as the burdens of proof in other cases fashioned in the opinions of this court. Before 1957, paternity had to be proved beyond a reasonable doubt in the minds of the jurors. *Timm v. State* (1952), 262 Wis. 162, 54 N. W. 2d 46. But by the Laws of 1957, ch. 296, sec. 8, a lesser burden of proof was created and stated in terms of "clear and satisfactory evidence." The statute stated this burden of proof was "greater than a clear preponder[a]nce of the evidence required in other civil cases, but which shall be less than proof beyond a reasonable doubt required in criminal cases." This burden of proof was applied in *State ex rel. Sowle v. Brittich* (1959), 7 Wis. 2d 353, 96 N. W. 2d 337. In 1959, the burden was again changed by statute to require the issue to be proved "by clear and satisfactory preponderance of the evidence." This test was recognized in *Schmidt v. Schmidt* (1963), 21 Wis. 2d 433, 124 N. W. 2d 569; *see State ex rel. Kapusta v. Weir* (1960), 12 Wis. 2d 96, 106 N. W. 2d 292.

This statement of the statutory burden of proof in terms of the quality of the preponderance of evidence rather than directly in terms of the quality of the evidence (such as clear and satisfactory evidence) or in terms of the convincing power of the evidence (such as beyond a reasonable doubt) need not be discussed at length. Every standard of burden of proof, other than the standard applied to criminal cases, is composed of two elements: (1) The degree of certitude required of the trier of the fact, *i.e.*, reasonable certainty, and (2) either the quantity of the evidence, *i.e.*, the greater weight or convincing power, or the quality of the evidence, *i.e.*, clear, satisfactory, and convincing. The present statutory burden seems to be a hybrid by requiring a clear and satisfactory preponderance. In any event, the current burden of proof does not require the trier of the fact to be convinced beyond a reasonable

doubt. However, in reviewing a jury verdict in a paternity case, the test on appeal is the same as in any other civil case, namely, whether there is sufficient credible evidence to sustain the particular burden of proof of the complainant had in the trial court. *State ex rel. Isham v. Mullally* (1961), 15 Wis. 2d 249, 254, 255, 112 N. W. 2d 701.

The testimony of a complaining witness that she had intercourse with the defendant during the conceptive period and with no one else during that period is sufficient to sustain the verdict that the defendant is the father if the jury believes the testimony. *State ex rel. Kapusta v. Weir, supra; State ex rel. Werlein v. Elamore* (1967), 33 Wis. 2d 288, 147 N. W. 2d 252; *see also:* Holz, *The Trial of a Paternity Case,* 50 Marquette L. Rev. (1967), 450. This means a trier of the fact may be convinced to a reasonable certainty by such evidence, which standing alone although uncorroborated constitutes the clear and satisfactory preponderance of the testimony or the greater weight or convincing power. If testimony of a complaining witness is in conflict with other testimony of the complaining witness or the testimony of other witnesses, then the question of preponderance becomes more difficult.

The record shows Miss Brajdic was twenty-five years old, never finished high school, was doing sixth-grade-level work in the eleventh grade when she quit school. She could not read well and apparently drank heavily of intoxicating liquor. Before and during the trial, she was on tranquilizers. At the trial, it was necessary for both the complainant's and the defendant's attorney to frequently use leading questions to get meaningful testimony from her. She testified quite clearly the child weighed six pounds six ounces at birth and was a full-term baby. Under sec. 891.395, Stats., a full-term child born November 11, 1969, would presumably have been

conceived between 240 and 300 days before birth and in this case between January 15 and March 16, 1969. She testified she had intercourse with Seber, who was sixty-one years of age, two or three times a week during January, February, and March of 1969. These acts took place in motels, in a room adjoining her girl friend's apartment, and once in the back seat of an automobile. She stated she had not gone out with any other man during these months. She stated when she told Seber she was pregnant, he kissed her and seemed happy and that they had relations after she told him of the pregnancy.

On cross-examination, Miss Brajdic testified the acts of intercourse with Seber took place while she was employed at Wells Manufacturing Company, which employment was subsequently proved to be from January 13 to August 3, 1967; from December 1, 1969, to January 21, 1971. Since Miss Brajdic did not work at Wells during the conceptive period, Seber claims there is a conflict in Miss Brajdic's testimony which prevents her direct testimony from being credible. Whether Miss Brajdic was not telling the truth on direct examination or whether she was confused on cross-examination was a question for the jury unless as a matter of law this court can say her testimony taken as a whole was so inherently incredible that no jury should be at liberty to believe it.

Discrepancies in the testimony of a witness do not necessarily render it so incredible that it is unworthy of belief as a matter of law. Testimony may be so confused, inconsistent, or contradictory as to impair credibility as to parts of the testimony without being so incredible that all of it must be rejected as a matter of law. It is the function of the jury to determine where the truth lies in a normal case of confusion, discrepancies, and contradictions in testimony of a witness. *Stewart v. Olson* (1926), 188 Wis. 487, 206 N. W. 909;

*Smith v. Koch* (1945), 247 Wis. 551, 20 N. W. 2d 566; *Lehman v. Sentry Ins. Co.* (1967), 35 Wis. 2d 96, 150 N. W. 2d 333.

Our review of the record does not convince us the testimony of the complaining witness was inherently incredible. This is not a case of a one-night affair but a course of conduct over a period of time by a sixty-one-year-old man with a not too bright young woman who cannot be expected to keep a diary of the dates and places of her sexual relations. It was for the jury to decide what parts of her testimony it could believe and what parts it should disregard because she was confused or forgetful. The jury believed Miss Brajdic's testimony that she had intercourse with Seber during January, February, and March of 1969; and our review of the record convinces us this evidence constitutes the clear and satisfactory preponderance of the evidence and the jury could be convinced to a reasonable certainty by it.

It is argued a new trial should be granted in the interest of justice under sec. 251.09, Stats. We do not find anything in this case which would lead us to believe that justice has miscarried or a retrial would probably produce a different result. *Lock v. State* (1966), 31 Wis. 2d 110, 142 N. W. 2d 183.

*By the Court.*—Judgment affirmed.