STATE of Wisconsin EX REL. Rhonda S. SKOWRONSKI, now
Byal, Complainant-Plaintiff-Respondent-Petitioner,

v.

Daniel Raymond MJELDE, Defendant-Appellant.

Supreme Court

*No. 81–2356. Argued March 28, 1983.—Decided April 26, 1983.*

(Also reported in 332 N.W.2d 289.)

For the petitioner there was a brief in court of appeals by *Michael A. Pollack,* assistant corporation counsel, Milwaukee.

For the appellant there was a brief in court of appeals by *Charles F. Polidori* and *Polidori & Bussler* and oral argument by *Richard Bussler,* all of Milwaukee.

BEILFUSS, C.J.    This is a review of an unpublished decision of the court of appeals which reversed the judgment of the trial court, the Honorable Robert J. Miech, presiding, adjudicating the defendant to be the father of the complainant's child in a paternity action.

On September 24, 1978, the complainant, Rhonda Byal,[1] gave birth to a three pound, three ounce baby. Byal was not married at the time of the birth. In May of 1979 the state commenced this action on behalf of Byal against the defendant, Daniel Raymond Mjelde, alleging that Mjelde was the father of Byal's child. The complaint alleged that Byal had sexual intercourse with Mjelde between November of 1977 and January of 1978, and that during this period Byal did not have sexual intercourse with any other male.

The case came to trial on November 17, 1980. At trial the state presented two witnesses: Byal and her father, Stan Sargeant. Byal testified to the birth date and weight of the child and that the estimated due date of the birth was November 7, 1978. The assistant corporation counsel then attempted to question Byal regarding her sexual activity during the months of January, February and March of 1978. Defense counsel objected to this question on the grounds that the complaint alleged that the acts of sexual intercourse took place between November of 1977 and January of 1978, and therefore any testimony regarding sexual intercourse should be limited to that period. The assistant corporation counsel indicated that she mistakenly thought the complaint had been amended but thereafter confined her questions to the November through January period.

Byal testified that the first time she engaged in sexual intercourse was with Mjelde on December 31, 1977. She testified that she also had sexual intercourse with Mjelde during the entire month of January, approximately three to ten times per week. Byal further stated that between November of 1977 and January of 1978, she did not have sexual intercourse with any male other than Mjelde and

[1] At the time of the commencement of this action the complainant's last name was Skowronski. She subsequently married and changed her last name to Byal.

that in her opinion he was the father of her child. On cross-examination she testified that her last menstrual period before the child's birth occurred during the end of January of 1978.

Byal's father testified that his daughter told him that Mjelde was the father of the child. He further testified that Mjelde did not deny being the child's father when he visited the complainant's house with his parents to discuss the pregnancy. The defendant did not present a defense or testify at trial. The state then moved for a finding of paternity.

The trial court found that the state had proved by clear and satisfactory evidence that the defendant was the child's father based on the undisputed evidence that Byal had sexual intercourse with the defendant repeatedly throughout January and that she did not have sexual intercourse with any other male during this time. The court of appeals reversed, holding that the state failed to prove the conceptive period by clear and satisfactory evidence. The court reasoned that the presumptive conceptive period of sec. 891.395, Stats., did not apply and the state failed to meet its burden because it did not present any competent evidence establishing the conceptive period. We granted the state's petition for review.

The sole issue on review is whether there is credible evidence to support the trial court's finding of paternity. The principal issue in a paternity action is whether the defendant is or is not the father of the complainant's child. Sec. 52.35, Stats. 1977.[2] The complainant has the

[2] The legislature in 1979 amended and renumbered the statutes dealing with paternity actions by ch. 352, Laws of 1979. These statutes are presently codified at sec. 767.45, Stats. 1981–82, *et seq.* The effective date of the 1979 amendments was July 1, 1981. Sec. 40 of ch. 352, Laws of 1979, provides:

"SECTION 40. **Applicability.** This act applies to all paternity proceedings commenced after the effective date of this act. This

burden of proving this issue by the clear and satisfactory preponderance of the evidence. Sec. 52.355.[3] A trial court's finding that this burden of proof has been met will be sustained by this court unless it is contrary to the great weight and clear preponderance of the evidence. *State ex rel. Isham v. Mullally,* 15 Wis. 2d 249, 255, 112 N.W.2d 701 (1961).

The defendant contends that the state failed to meet its burden of proof because no evidence was introduced to establish the conceptive period. The state argues that the trial court permissibly found as a matter of common knowledge or judicial notice, based on the baby's birthdate and weight, that conception could have occurred during the month of January (236 to 267 days before the child's birth), and thus it met its burden to establish a *prima facie* case of paternity. It contends that the defendant's failure to object to the conceptive period "suggested" by the state and his failure to "suggest" a different conceptive period results in waiver of any error on that basis.

The state's position must be rejected because it erroneously attempts to shift the burden of proof in a pa-

---

act applies to all paternity proceedings commenced but not reduced to judgment or concluded prior to the effective date of this act. However, this act does not apply to paternity judgments or to any motion concerning paternity judgments or any paternity proceeding otherwise completed prior to the effective date of this act, except for motions to modify child support."

The trial in this action occurred in November of 1980 and judgment was entered in February of 1981. Therefore the 1977 statutes are applicable to this case and all statutory references are to the 1977 statutes unless otherwise indicated.

[3] This burden of proof was left unchanged by the legislature when it amended the statutes dealing with paternity in 1979. *See,* sec. 767.47(8), Stats. 1981–82 and n. 2, *supra.* The only issue in this case is whether the complainant met this burden of proof and therefore our holding in this action is unaffected by the 1979 amendments.

ternity action to the alleged father. We agree with the court of appeals and the defendant that the state did not meet its burden of proof because it failed to present any evidence establishing the conceptive period of the child involved.

The elements of a *prima facie* case in a paternity action were well stated by Judge Holz in his article, *The Trial of a Paternity Case,* 50 Marq. L. Rev. 450, 460 (1967):

"A prima facie case is established by proof of the birth out-of-wedlock, date of birth, weight at birth, an accusation that the defendant had sexual relations with the complainant *during the conceptive period,* and the denial of the complainant that she had sexual relations with any other man during the conceptive period. The complainant is permitted to state who the father of her child is. Such is treated as a statement of fact and not opinion.
"The conceptive period in the case of a child whose weight at birth is in excess of five and a half pounds is presumptively established by statute. *If the child is not a full term child, the conceptive period must be established by other competent evidence.* It is not essential that the exact date of conception be proven. One act of intercourse adequately identified as to time and place is sufficient to support a judgment of paternity. The complainant's testimony, of course, need not be corroborated." (Emphasis supplied.)

This court in *State ex rel. Brajdic v. Seber,* 53 Wis. 2d 446, 449, 193 N.W.2d 43 (1972), enunciated the type of testimony that is sufficient to meet the burden of proving paternity as follows:

"The testimony of a complaining witness that she had intercourse with the defendant *during the conceptive period* and with no one else *during that period* is sufficient to sustain the verdict that the defendant is the father if the jury believes the testimony." (Emphasis supplied.)

Thus, it is clear the proof of the conceptive period of the particular child is an essential element of the complainant's case. The evidence of the mother's exclusive sexual relations with the alleged father must be tied to the period within which the child was conceived. Without establishing the conceptive period, the evidence of the sexual relations between the parties is meaningless and cannot support a finding of paternity.

If the child weighs five and one-half pounds or more at birth, the conceptive period is presumed to be 240 to 300 days prior to birth unless competent evidence to the contrary is presented. Sec. 891.395, Stats. When this presumption applies, the party bringing the action need not present evidence of the conceptive period for the particular child and the complaining witness' testimony regarding her exclusive sexual relations with the alleged father during the statutory conceptive period can be sufficient to sustain a finding of paternity.

However, the presumption has no application when the child weighs less than five and one-half pounds at birth. In the absence of this presumption, the party bringing the paternity action must present competent evidence as to when the child was conceived. Neither this court nor the trial court may take judicial notice of the conceptive period when the presumption does not apply.

The presumption did not apply in this case because the child weighed only three pounds, three ounces at birth. The state, however, presented no evidence regarding the conceptive period of the child involved. The assistant corporation counsel only presented evidence that between November of 1977 and January of 1978 the complaining witness had sexual intercourse exclusively with the defendant. There was no evidence presented that the child was conceived during the period of November through January. Although it is not clear from the record, it ap-

pears that the state used the November through January period based on the actual birth date of the baby and the statutory conceptive period of sec. 891.395, Stats. However, because of the child's low birth weight, such a calculation was impermissible in the absence of competent evidence to support it.

Therefore, because the state failed to introduce any evidence establishing the conceptive period, the trial court's finding that the state met its burden of proof was against the great weight and clear preponderance of the evidence and must be reversed. The state's argument that the defendant waived any claim of error because he failed to object to the conceptive period used or to suggest a different conceptive period is meritless. The burden is on the party bringing a paternity action to establish the conceptive period and not the defendant. The defendant may, in his own defense, introduce evidence to rebut the conceptive period used, once competent evidence of the conceptive period is presented by the complainant. However, here the state merely suggested a conceptive period without supporting it with competent evidence and thus there was nothing for the defendant to rebut. He was not required to object to the failure of the State to fully present its case.

Although we hold that the trial court's finding of paternity must be reversed, we have concluded that this is an appropriate case in which to exercise our discretionary power to order a new trial in the interest of justice pursuant to sec. 751.06, Stats. 1981–82.[4] As we have dis-

---

[4] "751.06 **Discretionary reversal.** In an appeal in the supreme court, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from regardless of whether the proper motion or objection appears in the record, and may direct the entry of the

cussed above, the State relied on November 1977 through January 1978 as the conceptive period, without introducing competent evidence to support its validity. However, it appears from the record that both parties agree that the more accurate conceptive period is later than this period used at trial. The assistant corporation counsel attempted at trial to introduce evidence of sexual intercourse between the mother and the alleged father during January and March of 1978, rather than the November 1977 through January 1978 period alleged in the complaint. However, she was restricted by the defendant's objection which requested limiting the evidence to the allegations of the complaint. The record indicates that the state intended to amend the complaint to allege the later conceptive period but failed to do so before trial. The trial proceeded using the earlier and apparently erroneous conceptive period. At the close of the evidence the defendant argued that conception had to occur after January because the complainant had a menstrual period during the end of January and the baby was born prematurely.

Based on this record, we conclude that the real issue in this case, whether the complaining witness had sexual intercourse exclusively with the defendant during the conceptive period, was not fully tried. We therefore remand the action for a new trial in the interest of justice in order to try this issue.[5] The child's and the public's interest in having paternity determined requires that a new trial be held rather than holding the state to its initial presentation of the case. Thus, the state will be al-

proper judgment or remit the case to the trial court for the entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice."

[5] *See* n. 4, *supra*.

lowed to amend its complaint to reflect the actual conceptive period of the child involved. At trial, in order to meet its burden of proof, the state must present competent evidence to support the conceptive period used because it can not utilize the presumptive period contained in sec. 891.395, Stats. We therefore remand the case to the trial court for a new trial.

*By the Court.*—The decision of the court of appeals is modified and, as modified, affirmed. Cause remanded to the trial court for further proceedings not inconsistent with this opinion.