STATE of Wisconsin EX REL. J.A.S., Petitioner-Respondent,

v.

M.E.S., Appellant.

Court of Appeals

*No. 87–0548. Submitted on briefs October 6, 1987.—Decided November 24, 1987.*

(Also reported in 418 N.W.2d 32.)

For the petitioner-respondent the cause was submitted on the briefs of *E. Michael McCann,* district attorney, with *Janet K. Geronime,* assistant district attorney of counsel, of Milwaukee.

For the appellant the cause was submitted on the briefs of *Charles W. Jones,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

WEDEMEYER, J. This is an appeal from a judgment finding M.E.S. to be the father of J.B.S. M.E.S. raises one issue: whether he was denied a meaningful opportunity to present a defense when the trial court interpreted sec. 891.395, Stats., to limit testimony about the mother's sexual relations to a period shorter than the 60-day statutory presumptive period of conception. Because the statue allows for a contrary period of conception based on competent evidence, we affirm.

The child, J.B.S., was born on February 20, 1984. It is undisputed that the baby was full term. On March 26, 1984 a paternity petition was filed naming M.E.S. the respondent. The period of conception stated in the petition was April 25, 1983 through June 24, 1983, which corresponded to the 60-day period of conception under sec. 891.395, Stats. M.E.S. denied that he was the father of J.B.S.

On June 12, 1985, Dr. Beth Anne Lepley, the attending physician during the mother's pregnancy and at the child's birth, testified at a deposition that the period of conception was between May 15 and May 30, 1983. The mother, J.A.S., moved the court for an order amending the conceptive period to the above

two-week period. This motion was granted. In addition, the period of conception was to be limited at trial for all purposes to this two week period. This ruling prohibited M.E.S. from presenting any testimony or reference to a sexual assault which J.A.S. had testified occurred on June 12, 1983.

At trial, M.E.S. asked the court to allow testimony of J.A.S.'s sexual relations outside the two-week period but within the statutory presumptive period of sec. 891.395, Stats. This was denied. The jury returned a verdict finding M.E.S. the father of J.B.S. M.E.S. now appeals.

This case involves the interpretation of sec. 891.395, Stats., as it applies to undisputed facts. This is a question of law which we review without deferring to the trial court's determination. *Manor v. Hanson,* 123 Wis. 2d 524, 533, 368 N.W.2d 41, 45 (1985). Section 891.395 provides that when the child is full term "[t]he conception of the child shall be presumed to have occurred within a span of time extending from 240 days to 300 days before the date of its birth, unless competent evidence to the contrary is presented to the court."

M.E.S. argues that under sec. 891.395, Stats., he should be allowed to present evidence of the mother's sexual relations during the entire presumptive period and that limiting the testimony to a two-week period was improper. He argues that the evidence of conception between May 15 and May 30 was not contrary to the presumptive period, but was consistent with it. He further claims that the trial court therefore took notice of a shorter, but included, presumptive period, contrary to *State ex rel. Skowronski v. Mjelde,* 112 Wis. 2d 110, 332 N.W.2d 289 (1983). We disagree with this reading of the statute and of *Skowronski.*

In *Skowronski,* the statutory presumptive period of conception did not apply because the child weighed less than five and one-half pounds. *Id.* at 116, 332 N.W.2d at 292. The court stated that "[n]either this court nor the trial court may take judicial notice of the conceptive period when the presumption does not apply." *Id. Skowronski* therefore does not prevent a court from limiting the period of conception when a child is full term and competent evidence of a conceptive period contrary to the 60-day period is presented.

█ Although M.E.S. would like us to hold that the 60-day period under sec. 891.395, Stats., must always apply when the child's birth weight is at least five and one-half pounds, we cannot read the statute to support such an interpretation. The statute clearly states that the presumptive period applies "unless competent evidence to the contrary is presented to the court."[1] Competent evidence of a two-week period of conception is contrary to a 60-day time period. We cannot read the statute to mean that only a period of time outside of the 60 days is "contrary" to the presumption. To do so would result in neither a petitioner nor a respondent ever limiting the conceptive period to less than sixty days when the time period falls within the sixty days.

M.E.S. next argues that even if the two-week period were contrary to the statutory presumption, the 60-day period should have been submitted to the jury. We disagree.

---

[1]Since the appellant has not argued on appeal that the evidence regarding the conception period was not competent or that the doctor was not qualified to testify as an expert, we will not consider those matters.

M.E.S. supports this claim by relying on *Kruse v. Horlamus Industries, Inc.,* 130 Wis. 2d 357, 387 N.W.2d 64 (1986), that "[u]nder Wisconsin law, presumptions do not 'disappear' or 'burst' when evidence to the contrary of the presumed fact is introduced." *Id.* at 365, 387 N.W.2d at 68. *Kruse* is inapplicable because J.A.S. did not rely on the statutory presumption. *See* sec. 903.01, Stats. Section 891.395, Stats., specifically allows for competent evidence to be presented which eliminates the presumptive period.

M.E.S. also argues that because the statutory presumptive period was not presented to the jury, the trial court failed to adequately instruct the jury as to the burden of proof required to establish the conceptive period. We disagree. It was for the trial court to decide whether the evidence was competent to eliminate the statutory conceptive period. *See* sec. 891.395, Stats.

M.E.S.'s last argument is that he was denied due process of law under *Little v. Streater,* 452 U.S. 1 (1981), because he was foreclosed from presenting evidence of a rape which occurred during the 60-day statutory presumptive period. He claims he should have been allowed to present evidence of the rape which was admissible under secs. 767.457(5) and 767.47(3), Stats. He claims that because he was not allowed to present such evidence, he was denied a "meaningful opportunity to be heard" under *Streater,* 452 U.S. at 5–6.

██

In *Streater,* the defendant was denied due process because a state statute required that the cost of blood grouping tests be borne by the party requesting them, thereby denying such tests to indigent defendants. *Id.* at 16. The court stated that "[w]ithout aid in obtaining

blood test evidence in a paternity case, an indigent defendant, who faces the State as an adversary when the child is a recipient of public assistance and who must overcome the evidentiary burden Connecticut imposes,[2] lacks 'a meaningful opportunity to be heard.'" *Id.* Wisconsin statutes specifically provide that, with some exceptions, the county will pay for such blood tests. *See* sec. 767.48(5), Stats. Thus the violations of due process present in *Streater* are not present in this case.

Section 767.457(5) Stats., provides that the respondent has the defense that another man had sexual intercourse with the mother during a period eight to ten months prior to the birth of the child. Section 767.47(3), Stats., provides that under certain circumstances, evidence is admissible that another man had sexual intercourse with the mother at or about the presumptive time of conception of the child. Section 767.47(2), Stats., provides, however, that testimony relating to sexual relations of the mother at any time other than the possible time of conception is inadmissible in evidence unless offered by the mother. Reading these statutes and Secs. 891.395 and 767.475(3), Stats., in conjunction, we conclude that when competent evidence has eliminated the statutory presumptive period, testimony of sexual relations outside of the established period of conception is inadmissible unless offered by the mother.

We further note that there was no evidence presented that the sexual assault could have resulted

---

[2]Connecticut law provides that the defendant's testimony alone, in a paternity suit, is insufficient to overcome the plaintiff's *prima facie* case. *Streater,* 452 U.S. at 12. Our research reveals no similar requirement in Wisconsin.

in the conception of the child. Dr. Lepley testified in her deposition that J.A.S. "could not have conceived on June 12," the date that she was raped. M.E.S. did not present evidence to refute the conceptive period established by Dr. Lepley, either at the motion hearing or at trial. M.E.S.'s attempt to use the statutory presumptive period of conception as a vehicle for introducing evidence of other sexual acts of the mother when competent evidence has established a different and shorter conceptive period must fail. M.E.S. was not denied due process when the court limited testimony of J.A.S.'s sexual relations to a two-week period established by competent medical testimony as the conceptive period as permitted under sec. 891.395, Stats.

*By the Court.*—Judgment affirmed.