ANN WALSH BRADLEY, J.
¶ 76. {dissenting). I agree with the majority that "Starks's Cherry motion did not bar his subsequent § 974.06 motion," majority op., ¶ 53. However, I part ways when it adopts a new bright-line test for evaluating claims of deficient performance of counsel.[1]
¶ 77. A recent United States Supreme Court decision addressing ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668 (1984) declined to adopt bright-line standards for evaluating deficiency. Cullen v. Pinholster, 131 S. Ct. 1388, *316 1406 (2011). It cautioned against "attributing strict rules" to its jurisprudence in this area of the law. Id.
¶ 78. Nevertheless, the majority today ignores the admonition of the United States Supreme Court and adopts a new threshold bright-line test for evaluating deficient performance. It articulates the new test as follows: "a defendant who argues in a habeas petition that he received ineffective assistance of appellate counsel because certain arguments were not raised must demonstrate that the claims he believes should have been raised on appeal were 'clearly stronger' than the claims that were raised." Majority op., ¶ 6.
¶ 79. The new bright-line test adopted by the majority today is inconsistent with the Strickland test for deficient performance, which requires an evaluation of reasonableness under the totality of the circumstances. Although the "clearly stronger" test is a circumstance to consider under the totality of the circumstances and may be a useful tool in determining deficient performance, the majority's bright-line, threshold application of that test has been rejected by other state supreme courts and is unsupported by our own precedent.
¶ 80. Additionally, the analysis employed by the majority in applying its new test is unworkable because it cannot practically be applied in many circumstances. The overarching, unworkable scope of this test is apparent in the haphazard way the majority analyzes Starks's claims in this case.
¶ 81. Accordingly, I respectfully dissent.
I
¶ 82. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court fashioned the quintessential test for deficient performance of counsel: *317 whether counsel acted unreasonably under the totality of the circumstances.[2] Strickland, 466 U.S. at 688 ("the *318 performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances"). Although the majority pays lip service to Strickland and decisions of this court applying Strickland, its analysis ignores the Strickland test. Majority op., ¶ 54.
¶ 83. Instead, the majority introduces a new, bright-line test inconsistent with the test set out in Strickland. Rather than following the very cases and statutes it cites, it introduces a new threshold test: "a defendant who argues he received ineffective assistance of appellate counsel in a habeas petition because certain arguments were not raised must show why the claims he believes should have been raised on appeal were 'clearly stronger' than the claims that were raised." Majority op., ¶ 74.
¶ 84. This new standard is wholly inconsistent with Strickland, which requires an evaluation of reasonableness under the totality of the circumstances. 466 U.S. at 695. A bright-line standard is not only incompatible with Strickland, it is its antithesis.
¶ 85. The Sixth Amendment to the United States Constitution guarantees that an accused shall "have the Assistance of Counsel for his defence." The United States Supreme Court has additionally recognized that the constitutional right to counsel is "the right to the *319 effective assistance of counsel." Strickland, 466 U.S. at 686 (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)).
¶ 86. The Strickland test for ineffective assistance of counsel remains the lodestar of all ineffective assistance determinations to this day. The United States Supreme Court set forth two elements to establish ineffective assistance of counsel: deficient performance and prejudice. Id. at 687; see also Smith v. Robbins, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating Robbins' claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in Strickland . . . .").
¶ 87. To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. Strickland, 466 U.S. at 687-88. Judicial scrutiny of counsel's performance must be "highly deferential." Id. at 689. Courts are to determine whether "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Id. at 690.
¶ 88. Evaluating whether one argument is "clearly stronger" than another is not the test for ineffective assistance of appellate counsel. Rather it is a factor to consider when applying the Strickland test.
¶ 89. A recent United States Supreme Court decision addressing ineffective assistance of counsel claims under Strickland declined to adopt bright-line standards for evaluating deficiency, and cautioned against "attributing strict rules" to its jurisprudence in this area of the law. Cullen, 131 S. Ct. at 1406 ("[b]eyond *320 the general requirement of reasonableness, 'specific guidelines are not appropriate. [Citing Strickland at 688]'").
¶ 90. Other decisions of the United States Supreme Court have further emphasized the highly individualized nature of the task of evaluating whether counsel rendered constitutionally effective assistance. See, e.g., Williams v. Taylor, 529 U.S. 362, 391 (2000) ("the Strickland test 'of necessity requires a case-by-case examination of the evidence!].'"); Premo v. Moore, 131 S. Ct. 733, 742 (2011) (the deficiency inquiry varies at different stages of the case). A bright-line standard for evaluating deficiency is contrary to this United States Supreme Court case law.
¶ 91. Not only is the majority's bright-line test for deficient performance inconsistent with Strickland's test for deficient performance, it overstates the case from which it borrows the phrase "clearly stronger." In Gray v. Greer, 800 F.2d 644 (7th Cir. 1985), the defendant alleged that his appellate counsel was ineffective. The district court concluded that appellate counsel was not ineffective based solely on review of the defendant's brief on direct appeal. Id. at 645-646.
¶ 92. The Seventh Circuit concluded that when a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court is to "examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal." Id. at 646. It provided guidance as to how to examine the trial record, stating that "[significant issues that could have been raised should then be compared to those which were raised." Id. Furthermore, the court observed that "[generally, only when ignored issues are clearly stronger than those pre *321 sented, will the presumption of effective assistance of counsel be overcome." Id. (emphasis added).
¶ 93. The majority reads Gray in an overbroad manner. Although comparing the arguments and determining that ignored claims are clearly stronger than those presented is certainly one way of showing deficiency, it is not the only way.[3]
¶ 94. Other state supreme courts have emphasized the word "generally" in Gray and have specifically declined to adopt the bright-line "clearly stronger" test that is embraced by the majority today. They recognize that a bright-line test is too rigid, noting that not even Gray espoused the "clearly stronger" standard as the only way to prove deficient performance. See Shorter v. Waters, 571 S.E.2d 373, 376 (Ga. 2002) (the clearly stronger test does not always apply because "[situations may arise when every error enumerated by appellate counsel on appeal presented a strong, nonfrivolous issue but counsel's performance was nonetheless deficient because counsel's tactical decision not to enumerate one rejected error was an unreasonable one which only an incompetent attorney would adopt."); Carpenter v. State of Tennessee, 126 S.W.3d 879, 888 (Tenn. 2004) *322 (discussing Gray and declining to "hold that the only way to show deficient performance of appellate counsel in a case involving the omission of an issue on appeal is to establish that the omitted issue was clearly stronger than the issues that counsel did present on appeal." (Emphasis in original.)).
¶ 95. Furthermore, the bright-line standard is unsupported by prior precedent of this court. This court has long recognized Strickland as providing the framework for evaluating claims of ineffective assistance of counsel. State v. Moffett, 147 Wis. 2d 343, 352, 433 N.W.2d 572 (1989) ("A claim of ineffective assistance of counsel brought under the sixth amendment of the United States Constitution must meet the test articulated in Strickland v. Washington . . . and followed by this court in State v. Pitsch.. . and State v. Johnson . . . ." (Citations omitted.)).
¶ 96. Recently, in a case involving a § 974.06 motion based on deficiency of postconviction counsel, this court recognized again that Strickland guides this court's analysis of ineffective assistance of counsel, and allows for various ways to show deficient performance. State v. Balliette, 2011 WI 79, ¶ 64, 336 Wis. 2d 358, 805 N.W.2d 334 ("For example, Balliette could have alleged such deficiency by showing that counsel's performance was 'objectively unreasonable ... in failing to find arguable issues to appeal,' as the Supreme Court described it in Smith [v. Robbins].").
¶ 97. This recent decision, as well as the substantial body of Wisconsin case law interpreting Strickland, shows that this court has ably evaluated claims of ineffectiveness of counsel without inventing a bright-line standard. The majority's new threshold bright-line test is inconsistent with the totality of the circum *323 stances test set forth by the United States Supreme Court, and as interpreted by other states and prior decisions of this court.
II
¶ 98. When the majority turns to evaluate the merits of Starks's claims, it is apparent that its new "clearly stronger" test is unworkable as a bright-line test because it cannot be practically applied in many circumstances. Although claims of ineffective assistance of appellate counsel may often require a court to weigh the relative merits of claims that were raised and those that were not raised, that will not always be the case.
¶ 99. The majority's "clearly stronger" test has no practical application in many circumstances. For example, under Strickland, counsel has a duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. Accordingly, a court does not need to determine whether a claim that was not raised is "clearly stronger" than those that were raised when the allegation of ineffectiveness is premised upon a failure to adequately investigate a claim in the first place.
¶ 100. Likewise, a failure to raise a claim may simply be due to oversight rather than an intentional strategy. Wiggins v. Smith, 539 U.S. 510, 534 (2003). Sometimes counsel simply forgets to raise claims, irrespective of any evaluation of their relative strength. A court does not need to determine whether a claim that was not raised is "clearly stronger" than those that were raised when counsel acts unreasonably due to oversight.
¶ 101. Even if counsel properly identifies an issue that is the strongest issue available, his performance *324 may also be considered deficient when the claim is not adequately raised — such as when there is a failure to conduct research sufficient to support the claim, a failure to present necessary evidence, or a failure to adequately argue the claim. A court does not need to determine whether a claim that was not raised is "clearly stronger" than those that were raised when the focus of the inquiry is exclusively on the claim that was raised inadequately.
¶ 102. As the above examples illustrate, the majority's "clearly stronger" test is simply inapplicable in many circumstances. Yet, its holding appears to premise deficient performance on evaluating the relative strength of the claims raised and not raised regardless of the reasonableness under the totality of the circumstances. As a practical matter, such a test cannot always apply whenever a defendant "argues he received ineffective assistance of appellate counsel in a habeas petition because certain arguments were not raised." Majority op., ¶ 74.
¶ 103. The overarching, unworkable scope of the majority's new bright-line test is apparent in the haphazard way it evaluates Starks's motion in this case. After paying lip service to Strickland and other cases setting forth a standard for ineffectiveness, majority op., ¶¶ 54-55, the only test it really applies is its "clearly stronger" test. Id., ¶ 73 (the claims raised by Starks "are in no way "clearly stronger" than the arguments Kagen raised.").
¶ 104. Instead of evaluating the underlying allegations of ineffectiveness of trial counsel on their merits, the majority simply dismisses them out of hand as "unsubstantiated, unpersuasive, or previously adjudicated." Majority op., ¶ 73. Because it concludes that the underlying claims of ineffective trial counsel must *325 fail — even though it has not really evaluated the underlying ineffectiveness claims under Strickland — the majority concludes that the claims not raised are not "clearly stronger" and no deficient performance exists. Majority op., ¶ 73.
¶ 105. Additionally, the majority's analysis disregards or dismisses the facts alleged in Starks's motion. In one instance, it evaluates credibility by deriding allegations advanced in the motion as "unreliable." Majority op., ¶ 67. By making determinations of reliability and credibility, the majority skips an evidentiary hearing where those very issues should be determined.[4]
¶ 106. Later, it speculates that it is "easy to imagine why Starks's trial counsel opted not, for strategic reasons," to put two potential witnesses on the stand. Majority op., ¶ 72. The majority cannot know what reason trial counsel had, if any, for failing to call two witnesses. Those reasons are to be elicited at an evidentiary hearing, not in reviewing an initial motion.
¶ 107. This type of a half-hearted analysis is not a reasoned application of constitutional standards. It further illustrates the overarching, unworkable nature of the bright-line test that is adopted by the majority today.
*326 ¶ 108. Accordingly, for the reasons set forth above, I respectfully dissent.
¶ 109. I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON and JUSTICE N. PATRICK CROOKS join this dissent.

 At the outset, the majority recognizes a potential problem with the court's jurisdiction in this case. Majority op., ¶ 4. It acknowledges that because Starks "improperly filed his claim with the circuit court, it should have been dismissed and not allowed to proceed to an appeal." Id., ¶ 35.
Nevertheless, essentially for reasons of judicial economy, the majority decides to address the merits of the issues and in a cursory fashion concludes Starks's decision to file in the wrong court was a matter of competence, not jurisdiction. Id., ¶¶ 36-40.
It is unclear whether the majority is correct in its cursory conclusion that the erroneous filing implicates competence rather than jurisdiction. The issue was neither raised nor briefed by the parties.
Article VII, Section 8 of the Wisconsin constitution, entitled "Circuit court; jurisdiction" provides that "[elxcept as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal[]." (emphasis added.) In State v. Knight, a unanimous decision of this court, we concluded that the law provided an ineffective assistance of appellate counsel claim must be brought in the court of appeals. 168 Wis. 2d 509, 522, 484 N.W.2d 540 (1992) ("We conclude that sec. 974.06 does not authorize a circuit court to resolve claims of ineffective assistance of appellate counsel.").
Because Knight stated that the circuit court is not "authorize[d]" to hear a motion addressing ineffective assistance of appellate counsel, it arguably falls within the constitutional phrase "[ejxcept as otherwise provided by law." The analysis of the court of appeals in State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 677, 556 N.W.2d 136 (Ct. App. 1996) supports that the Knight court discussed "jurisdiction," not competency. Therefore, the circuit court may have lacked jurisdiction to hear Starks's motion.
If the circuit court lacked jurisdiction, its order addressing the merits of Starks's motion was a nullity. If its order was a nullity, then likewise any decision addressing the merits by the court of appeals and by this court are likewise nullities and would have no precedential value.
*318 Accordingly, I determine that supplemental briefs should be ordered addressing this issue. Because jurisdiction cannot be conferred by mistake or stipulation, this issue is potentially dispositive. Lassa v. Rongstad, 2006 WI 105, ¶ 34, 294 Wis. 2d 187, 718 N.W.2d 673. The majority should not resolve such an important question seemingly unfettered by the lack of argument or analysis, the words of the constitution, and our prior unanimous precedent.

 For example, another way to show deficient performance includes showing that the failure to raise an issue was unreasonable because it was due to oversight rather than an intentional, reasoned strategy. Wiggins v. Smith, 539 U.S. 510, 534 (2003). Defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington, 466 U.S. 668, 690-691 (1984). If counsel chooses issues based on less than a full investigation, the deficiency determination turns on whether the failure to investigate was itself unreasonable, not on whether that attorney would have chosen to raise the issues discovered by such an investigation. Wiggins v. Smith, 539 U.S. at 522-523.

 The majority's determination of reliability can be understood as a determination of credibility. Credibility determinations are a matter for the circuit court at an evidentiary hearing, not in reviewing an initial motion. See First Nat. Bank of Appleton v. Nennig, 92 Wis. 2d 518, 529, 285 N.W.2d 614 (1979). Although sometimes a statement can be considered not credible as a matter of law, there is no indication here that the testimony would inherently be "so confused, inconsistent, or contradictory" as to be considered not credible before anyone has even taken the stand. State ex rel. Brajdic v. Seber, 53 Wis. 2d 446, 450, 193 N.W.2d 43 (1972).