Willmer Guillaume, Plaintiff-Appellant,
v.
Larry Elvetici, Defendant-Respondent.
No. 04-0413.
Court of Appeals of Wisconsin.
Opinion Filed: August 4, 2004.
¶1 BROWN, J.[1]
This small claims matter involves allegations by Willmer Guillaume that Larry Elvetici damaged his classic 1976 vehicle. Because we conclude that the trial court applied the incorrect burden of proof to Guillaume's claim, we reverse the trial court's order dismissing his claim and remand the matter for proceedings consistent with this opinion.
¶2 In his August 2003 complaint, Guillaume claimed that he had made arrangements with Elvetici to have Elvetici wash, buff and wax his 1976 Olds 442 classic vehicle for a price of $50, plus an additional $20 for engine detailing. The work was to be done at Elvetici's home. Guillaume claimed that when he picked up his car about an hour later, the driver's side door was damaged and there were buff burn marks on both sides of the vehicle. He alleged that the car was not in this condition when he dropped the car off at Elvetici's home. Elvetici denied damaging the car, claiming that it was already damaged when Guillaume dropped it off. Both parties appeared pro se at the small claims hearing held in October 2003. Each party offered testimony that substantiated their claims.
¶3 After considering the testimony of the witnesses, the court dismissed Guillaume's claim. The court wrote:
The plaintiff has the burden of proof. In this case the Court is not satisfied the plaintiff has met his burden. There was testimony that the car was not in the pristine condition alleged by the plaintiff. Given the Court has found the plaintiff has not shown by clear and convincing evidence that the damage alleged was caused by the defendant, the Court orders the complaint dismissed, without costs to either party.
¶4 In his appeal, Guillaume argues that the trial court applied the incorrect standard of proof when it dismissed his claim. He claims the appropriate standard of review would have been the lower burden of proof, or the "preponderance of the evidence standard," rather than the middle burden of proof, the "clear and convincing standard" that the trial court applied. The application of the law to a particular set of facts is a question of law which we review independently. Bucyrus-Erie Co. v. DIHLR, 90 Wis. 2d 408, 417, 280 N.W.2d 142 (1979); First Nat'l Leasing Corp. v. City of Madison, 81 Wis. 2d 205, 208, 260 N.W.2d 251 (1977).
¶5 In ordinary civil actions, such as actions sounding in simple negligence, the presumptive burden of proof is the "greater weight of the credible evidence," which is an exact synonym for "fair preponderance" of the evidence. See Nommensen v. Am. Cont'l Ins., 2001 WI 112, ¶16, 246 Wis. 2d 132, 629 N.W.2d 301; Bengston v. Estes, 260 Wis. 595, 597-99, 51 N.W.2d 539 (1952). The middle burden of proof, the clear and convincing standard, requires a greater degree of certitude than that required in ordinary civil cases but a lesser degree than that required to convict in a criminal case. Wangen v. Ford Motor Co., 97 Wis. 2d 260, 299, 294 N.W.2d 437 (1980). This court has generally required the middle burden of proof "[i]n the class of cases involving fraud, of which undue influence is a specie, gross negligence, and civil actions involving criminal acts." Kuehn v. Kuehn, 11 Wis. 2d 15, 26, 104 N.W.2d 138 (1960).
¶6 The issue in this case is not one of fraud or gross negligence. Rather, the issuewhether Elvetici damaged Guillaume's car while it was in his careis one of simple negligence. We, therefore, conclude that the trial court should have applied the lower burden of proof, or in Guillaume's words, the preponderance of the evidence burden, to Guillaume's claim. Accordingly, we direct the trial court on remand to review the paper record and decide the case based on the proper burden of proof. See Bengston, 260 Wis. at 599-600 (it is error to apply a more demanding burden of proof).
By the Court.  Order reversed and cause remanded with directions.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.