PATIENCE DRAKE ROGGENSACK, C.J.
¶ 99. (concurring). The central issue presented is whether the circuit court erred by giving the jury a special skills instruction because Dale L. Cavallino held a commercial license to operate the semi-truck at the time of the accident.[1] I conclude that the circuit court's special skills instruction was erroneous because it incorrectly stated the law. However, I also conclude that the error was harmless. Accordingly, I would affirm the court of appeals, and although I do not join the majority opinion, I respectfully concur.
I. BACKGROUND
¶ 100. The majority opinion fully sets out the facts that underlie the dispute before us. Therefore, I will not repeat them.
II. DISCUSSION
A. Standard of Review
¶ 101. Challenges to jury instructions present questions of law for our independent review. State v. Beamon, 2013 WI 47, ¶ 18, 347 Wis. 2d 559, 830 *776 N.W.2d 681. Whether an erroneously given instruction is harmless error also presents a question of law that we review independently. State v. Nelson, 2014 WI 70, ¶ 18, 355 Wis. 2d 722, 849 N.W.2d 317.
B. Jury Instructions
¶ 102. The defendant, Cavallino,[2] argues that the special skills instruction was erroneous because it directed the jury to consider Cavallino's superior knowledge and skill as a licensed semi-truck driver. According to Cavallino, the circuit court erred because the court gave an instruction regarding superior knowledge and skill similar to that employed in professional negligence cases, rather than the standard negligence instruction that is customarily given in vehicular negligence cases. Cavallino argues that the circuit court's instruction imposed a heightened standard of care on him, and that doing so was prejudicial error entitling him to a new trial.
¶ 103. The plaintiff, Ronald J. Dakter,[3] contends that the instruction directed the jury to take superior knowledge and skill of professional semi-truck drivers into account so that the jury could determine whether Cavallino met the standard of ordinary care under the circumstances.
1. General principles for instructions
¶ 104. "The purpose of a jury instruction is to fully and fairly inform the jury of a rule or principle of law applicable to a particular case." Nommensen v. *777 Am. Cont'l Ins. Co., 2001 WI 112, ¶ 36, 246 Wis. 2d 132, 629 N.W.2d 301. Jury instructions "explain what the law means to persons who usually do not possess law degrees." Id. (internal quotation marks and citation omitted).
¶ 105. "A circuit court has broad discretion when instructing a jury." Id., ¶ 50 (citing White v. Leeder, 149 Wis. 2d 948, 954, 440 N.W.2d 557 (1989)). A circuit court appropriately exercises its discretion when the instruction correctly states the law and comports with the facts of the case. Weborg v. Jenny, 2012 WI 67, ¶ 42, 341 Wis. 2d 668, 816 N.W.2d 191; White, 149 Wis. 2d at 954—55. However, even if the circuit court erroneously exercises its discretion, an "erroneous jury instruction warrants reversal and a new trial only if the error was prejudicial." Kochanski v. Speedway SuperAmerica, LLC, 2014 WI 72, ¶ 11, 356 Wis. 2d 1, 850 N.W.2d 160 (quoting Fischer v. Ganju, 168 Wis. 2d 834, 849, 485 N.W.2d 10 (1992)). "An error is prejudicial when it probably misled the jury." Id. In other words, a jury instruction error "is not prejudicial if it appears that the result would not be different had the error not occurred." Id. (quoting Lutz v. Shelby Mut. Ins. Co., 70 Wis. 2d 743, 751, 235 N.W.2d 426 (1975)).
2. Special skills instruction
¶ 106. There are professions and trades for which special skills are necessary to performance of the profession or trade. See Racine Cnty. v. Oracular Milwaukee, Inc., 2009 WI App 58, ¶ 28, 317 Wis. 2d 790, 767 N.W.2d 280 (parsing whether computer software installers were subject to a higher professional standard of care based on special skills). When those special skills are required but not competently performed, the "[professionals may be sued for malprac *778 tice because [oí] the higher standards for care imposed on them by their profession." Id. (internal quotation marks and citation omitted). Further, when a higher standard of care is imposed on members of a profession or trade, expert witness testimony generally is required to prove that those standards were not met. Id., ¶ 34.
3. Instructions given
¶ 107. The circuit court gave a special skills instruction based on Cavallino being licensed as a semi-truck driver. That instruction stated in pertinent part:[4]
At the time of the accident, the defendant, Dale Cavallino, was a professional truck driver, operating a semi tractor trailer pursuant to a Commercial Driver's License issued by the State of Wisconsin. As the operator of a semi tractor-trailer, it was Dale Cavallino's duty to use the degree of care, skill and judgment which reasonable semi truck drivers would exercise in the same or similar circumstances, having due regard for the state of learning, education, experience, and knowledge possessed by semi truck drivers holding Commercial Driver's Licenses. A semi truck driver who fails to conform to this standard is negligent.
¶ 108. Immediately prior to the semi-truck driver instruction, the jury received instruction on the standard of ordinary care:[5]
A person is negligent when he fails to exercise ordinary care. Ordinary care is the care which a reasonable person would use in similar circumstances. *779 A person is not using ordinary care and is negligent, if the person, without intending to do harm, does something or fails to do something that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property.
¶ 109. In regard to these two instructions, the court of appeals melded them together and explained how it concluded that Cavallino's superior knowledge and skill fit into the standard of ordinary care:
Putting together the general standard of care with its application to the circumstances in which an actor possesses pertinent superior knowledge or skills: (1) all have a duty to use ordinary care to avoid acts that a reasonable person would recognize create unreasonable risks of injury or damage to others or property, and (2) a "reasonable person will act in the light of (a) knowledge shared by the community generally and also (b) information, knowledge and skill that he himself has that is not generally known and that reasonable people would not ordinarily have." Dan B. Dobbs et al., The Law of Torts § 132 (2d ed. 2014).
Dakter v. Cavallino, 2014 WI App 112, ¶ 40, 358 Wis. 2d 434, 856 N.W.2d 523.
¶ 110. The parties agree that it would have been improper for the circuit court to have instructed the jury that Cavallino is held to a higher standard of care than other drivers on the highway because he was a professional semi-truck driver.[6] Dakter acknowledges that the standard of care for all drivers is ordinary care.
*780 ¶ 111. However, the wording of the special skills instruction for semi-truck drivers implies that there is a semi-truck driver standard of care and that Cavallino was obligated to conform his conduct to that standard of care, which differs from ordinary-care. That implication permitted the jury to hold Cavallino to a different standard of care than the standard of care that the jury applied to Dakter.
¶ 112. Specifically, the instruction directed that it was Cavallino's "duty to use the degree of care, skill and judgment which reasonable semi truck drivers would exercise in the same or similar circumstances." This is an incorrect statement of the law. It establishes a semi-truck driver standard of care that required Cavallino to use skills in addition to those required of Dakter while both were using a public highway. Accordingly, the circuit court erred by giving the jury the special skills instruction that was focused on the skills required of a commercial driver of a semi-truck.
¶ 113. I also conclude that the circuit court erroneously exercised its discretion in giving the special skills instruction because the application of the superior knowledge and skills doctrine is limited to persons taking actions in a venue where special skills are required by that venue. For example, when one takes action in a venue where special skills are required, e.g., physicians, lawyers, pharmacists and dentists, the circumstances that underlie the standard of ordinary care take into account the similarity of experience among those who work in the exclusive venue where the particularized superior knowledge and skills are required. Stated otherwise, in cases where special skills are relevant, the duty is defined by standards applicable to the particular profession of the alleged *781 tortfeasor. Zastrow v. Journal Commc'ns, Inc., 2005 WI App 178, ¶ 25, 286 Wis. 2d 416, 703 N.W.2d 673.
¶ 114. In contrast to those who work in exclusive venues that require special skills in order to work in that venue, professional and lay vehicle operators employ the same venue, i.e., they share the same roadways. In addition, a driver with a license permitting him or her to drive a semi-truck54 could also drive a large truck, a pickup truck or a car. A driver with a commercial license could be a professional semi-truck driver, or he or she may drive a semi-truck only rarely. Alternatively, a driver holding a class D (regular) driver's license55 may operate any number of large and cumbersome vehicles, including large moving trucks or trucks with large trailers. Because all of these vehicle operators act in the same venue, i.e., the shared roadway, they are subject to the same ordinary care. Ordinary care is that care exercised by a reasonable person under the circumstances. See Hoida, Inc. v. M&I Midstate Bank, 2006 WI 69, ¶¶ 30-32, 291 Wis. 2d 283, 717 N.W.2d 17. The circumstances of ordinary care are not modified according to the type of vehicle operator, but rather, uniformly reflect the nature of the shared venue, a public roadway. See State Dep't of Transp. v. Robbins, 246 P.3d 864, 867 (Wyo. 2011) (citing Cervelli v. Graves, 661 P.2d 1032, 1038-39 (Wyo. 1983) (affirming the trial court's refusal to give a jury instruction that set an individualized standard of care for a semi-truck driver and reasoning that to do so would be to convert an ordinary negligence case into a semi-truck driver's malpractice action)).
*782 ¶ 115. Even though I conclude that the circuit court erred in giving the semi-truck driver negligence instruction, the instruction was not prejudicial and therefore was harmless. As the court of appeals noted, the erroneous instructions may have subjected Cavallino to a higher standard of care than that to which he would have been held if he lacked superior knowledge or skills. Dakter, 358 Wis. 2d 434, ¶ 47. However, I also agree that jurors likely focused on the evidence presented at trial. Id. Therefore, if jurors were presented with accurate statements of the standard of ordinary care, they would have been as likely to reach the same conclusion.
¶ 116. Furthermore, "lj]ury instructions are evaluated in their entirety, not in isolation." Weborg, 341 Wis. 2d 668, ¶ 74. The erroneous semi-truck driver instruction was surrounded by correct instructions that repeatedly reminded the jury of the standard of ordinary care.
¶ 117. In addition, the jury's apportionment of negligence is substantially supported by the facts and does not indicate prejudice. Trial testimony supports the jury's verdict. For example, under hypothetical facts matching Dakter's testimony regarding the accident that gives rise to this case, Cavallino's own expert stated that if the hypothetical facts were true, the driving was "reckless" and Cavallino's own employer stated that such driving would be "unsafe." These facts in combination with the multiple instructions on ordinary care cause me to conclude that there is no reasonable probability that the circuit court's error in giving the semi-truck driver instruction contributed to the outcome of the trial. Accordingly, the jury instruction error was not prejudicial because the jury's verdict *783 likely would have been the same had the error in instructions not occurred. See Kochanski, 356 Wis. 2d 1, ¶ 11.
III. CONCLUSION
¶ 118. I conclude that the circuit court's special skills instruction was erroneous because it incorrectly stated the law. However, I also conclude that the error was harmless. Accordingly, I would affirm the court of appeals, and although I do not join the majority opinion, I respectfully concur.
ANNETTE KINGSLAND ZIEGLER, J.
¶ 119. (concurring). I join the majority opinion's conclusion that the semi-truck driver jury instruction at issue was not erroneous under the facts of this case. I also join Chief Justice Roggensack's conclusion that, if this jury instruction were erroneous, the error was harmless. I write separately to clarify two points.
f 120. First, I write to clarify that the semi-truck driver jury instruction at issue was proper because the defendant was driving a semi-truck at the time of the accident. See majority op., ¶ 96 ("In the instant case, the circumstances relevant to a determination of whether the defendant acted reasonably include the fact that at the time of the collision, the defendant was engaged in a profession or trade (semi-trailer truck driving) and possessed the special knowledge and skill required of semi- trailer truck drivers." (emphasis added)). Had the defendant been driving a passenger automobile rather than a semi-truck at the time of the accident, the semi-truck driver jury instruction would have been erroneous, notwithstanding the fact that the defendant is a professional semi-truck driver.
*784 ¶ 121. Second, I write to clarify that certain treatises that the majority opinion cites are overly broad and do not dictate the law in Wisconsin. See, e.g., majority op., ¶ 48 (" [I]f a person in fact has knowledge, skill, or even intelligence superior to that of the ordinary person, the law will demand of that person conduct consistent with it." (quoting W. Page Keeton et al., Prosser and Keaton on Torts § 32, at 185 (5th ed. 2000))); id. ("In addition to the knowledge that may be imputed to a reasonable person, a person's actual knowledge and skills may be taken into account when the level of the person's knowledge or skills exceeds the average." (quoting 1 J.D. Lee & Barry A. Lindahl, Modern Tort Law: Liability & Litigation § 3:21 (2d ed. 1990))); id., ¶ 43 n.16 ("The standard of the reasonable man requires only a minimum of attention, perception, memory, knowledge, intelligence, and judgment in order to recognize the existence of the risk. If the actor has in fact more than the minimum of these qualities he is required to exercise the superior qualities that he has in a manner reasonable under the circumstances." (quoting Restatement (Second) of Torts § 289 cmt. m. (1965))). These passages should not be improperly construed as an expansion of Wisconsin law. See majority op., ¶ 49 ("These texts neither bind this court nor declare the law of Wisconsin."). Instead, I write to clarify that the majority opinion cites these treatises for the sole and limited purpose that, under the facts of this case, the semi-truck driver jury instruction was proper because the defendant was driving a semi-truck at the time of the accident. The majority opinion expressly recognizes that these broad treatise passages do not "declare the law of Wisconsin." Majority op., ¶ 49.
*785 ¶ 122. For the foregoing reasons, I respectfully concur.
¶ 123. I am authorized to state that Justice MICHAEL J. GABLEMAN joins this concurrence.

 Majority op., ¶ 3.

 Cavallino's employer, Hillsboro Transportation Company, LLC, and Michigan Millers Mutual Insurance Company, Hillsboro's insurance provider, are also defendants. Their positions are consistent with Cavallino's.

 Kathleen M. Dakter, Ronald's wife, is also a plaintiff.

 Labelled "New #3 Negligence: Semi Truck Driver."

 Labelled "1005 Negligence: Defined."

 Respondent's Brief at 22: "We agree; the standard is always 'ordinary care.'"